THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GABINO ALVAREZ RAMOS, ETC., Defendant and Appellant.

No. 14957. Argued February 1, 1951.—Decided February 6, 1951.

*José Rafael Gelpí* for appellant. *Víctor Gutiérrez Franqui, Attorney General,* (*Vicente Géigel Polanco,* former *Attorney General,* on the brief), *J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The only question raised by the appellant is to the effect that the District Court of Puerto Rico, Mayagüez Section, which sentenced him for violation of Act No. 220 of May 15, 1948, lacked exclusive jurisdiction to take cognizance of said offense. He bases his proposition on the theory that the Organic Act of the Judiciary of Puerto Rico, approved May 15, 1950 (Sess. Laws, p. 1126), in defining the jurisdiction of the District Court of Puerto Rico, provides in § 28(b) (2) that said court shall take cognizance "Of all cases of misdemeanor over which it has exclusive or concurrent jurisdiction" and that since the courts with exclusive jurisdiction of this offense were the district courts and these were abolished upon the approval of the Act of May 15, the District Court of Puerto Rico was not vested with such exclusive jurisdiction. The appellant looks for support of his thesis to the circumstance that in defining the criminal jurisdiction of the Municipal Court of Puerto Rico, § 15(b) (2) of that same Act provides that said court would have jurisdiction "Of all offenses over which exclusive or concurrent jurisdiction has been conferred by law on the municipal courts and tribunals existing at the time this Act takes effect," and that since § 28(b) (2) does not contain a clause similar to the clause contained in § 15(b) (2), the legislative intent not to vest the District Court of Puerto Rico with such exclusive jurisdiction is manifest.

The difference in the drafting of those two Sections lacks importance, for although § 28(b) (2) does not contain said provision, § 33 prescribes:

"The district judges, district judges at-large, prosecuting attorneys, special prosecuting attorneys at-large, assistant prosecuting attorneys, secretaries and marshals of the District Court of Puerto Rico shall have the same faculties, duties and functions exercised by them under legal authority up to the date this Act takes effect."

From § 33 and from the context of the Act it is easily ascertainable that the District Court of Puerto Rico as well as the Municipal Court of Puerto Rico, in replacing the district and municipal courts and tribunals, acquired the jurisdiction of the respective abolished courts.

The judgment will be affirmed.